IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| WADE ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-03972-DCN |
| vs. ) | |
| ) | **ORDER** |
| ARGOS USA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The following matter is before the court on defendant Argos USA's ("Argos") motion for summary judgment, ECF No. 20. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

This action arises out plaintiff Wade Allen's ("Allen") slip-and-fall at a cement plant owned and operated by Argos in Harleyville, South Carolina. Allen was a cement truck driver for Southern Tank Transport, Inc. ("Southern Tank") for nearly thirteen years. As part of his duties for Southern Tank, Allen regularly picked up cement from Argos's plant. During the cement loading process at the plant, truck drivers park in one of four loading bays, ascend the industrial steel stairs to the control room, sign paperwork for the purchase of the cement, and then descend the stairs to return to his or her truck. On the night of July 17, 2018, Allen fell during his descent on the stairs, landed on his kneecap, and sustained a displaced patella fracture and quadriceps tendon rupture.

On October 9, 2020, Allen filed the instant negligence lawsuit against Argos in the Dorchester County Court of Common Pleas. ECF No. 1-1, Compl. On November 13, 2020, Argos removed the action to this court. ECF No. 1. On July 28, 2021, Argos

1

filed a motion for summary judgment. ECF No. 20. On August 11, 2021, Allen responded. ECF No. 21. Argos did not file a reply, and the time to do so has now expired. As such, the motion for summary judgment is ripe for the court's review.

## II.  STANDARD

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

## III.  DISCUSSION

Argos argues that Allen's only cause of action against it—negligence—fails as a matter of law. "In a negligence action, a plaintiff must show the (1) defendant owes a duty of care to the plaintiff, (2) defendant breached the duty by a negligent act or

omission, (3) defendant's breach was the actual and proximate cause of the plaintiff's injury, and (4) plaintiff suffered an injury or damages." Andrade v. Johnson, 588 S.E.2d 588, 592 (S.C. 2003). Argos maintains that Allen cannot establish that Argos breached a duty owed to him or that any such breach was the proximate cause of Allen's injuries. The court addresses each argument in turn, ultimately finding that neither warrants summary judgment.

### A.  Breach of Duty

Argos first argues that it did not breach any duty owed to Allen as a matter of law. Under South Carolina law, the owner of property owes business visitors or invitees the duty of exercising reasonable and ordinary care for their safety and is liable for any injuries resulting from a breach of such duty. H.P. Larimore v. Carolina Power & Light, 531 S.E.2d 535, 538 (S.C. Ct. App.2000) (citing Israel v. Carolina Bar–B–Que, Inc., 356 S.E.2d 123, 128 (S.C. Ct. App. 1987)). The property owner is not required to maintain the premises in such condition that no accident could happen to a patron using them. See Denton v. Winn–Dixie Greenville, Inc., 439 S.E.2d 292, 293 (S.C. 1993). The landowner has a duty to warn an invitee only of latent or hidden dangers of which the landowner is on actual or constructive notice. H.P. Larimore, 531 S.E.2d at 538 (citing Callander v. Charleston Doughnut Corp., 406 S.E.2d 361, 362–63 (S.C. 1991)). To recover damages for injuries caused by a dangerous or defective condition on a landowner's premises, a plaintiff must show that (1) the injury was caused by a specific act of the defendant which created the dangerous condition, or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it. Wintersteen v. Food Lion, Inc., 542 S.E.2d 728, 729 (S.C. 2001) (citing Anderson v.

Racetrac Petroleum, Inc., 371 S.E.2d 530 (S.C.1988)); Pennington v. Zayre Corp., 165 S.E.2d 695 (S.C. 1969); Hunter v. Dixie Home Stores, 101 S.E.2d 262 (S.C. 1957).

"The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries. If that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable." H.P. Larimore, 531 S.E.2d at 540. A landowner is not liable for open and obvious dangers unless the landowner "should anticipate the harm despite such knowledge or obviousness" or "has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious" or that the invitee will "fail to protect himself against it." Callander, 406 S.E.2d at 362–63 (S.C. 1991) (internal quotation marks omitted) (alteration in original).

The court finds that Allen was a business invitee on Argos's premises at the time of his fall, and Argos does not dispute this point. See Parker v. Stevenson Oil Co., 140 S.E.2d 177, 179 (S.C. 1965) (the term "invitee" in premises liability cases usually means the same thing as a business visitor and refers to one who enters upon the premises of another at the express or implied invitation of the occupant, especially when he is there about a matter of mutual interest or advantage); Hoover v. Broome, 479 S.E.2d 62, 65 (S.C. Ct. App. 1996) ("Business visitors are considered invitees as long as their purpose for entering the property is either directly or indirectly connected with the purpose for which the property owner uses the land."). Indeed, Argos expressly concedes that it owed Allen a duty of reasonable and ordinary care for his safety. However, it argues that it exercised such reasonable and ordinary care for Allen's safety in this case as a matter of law. For example, Argos "installed stairs specifically designed to be durable and slip resistant." ECF No. 20-1 at 7. Argos also "requires all business visitors and employees

4

to wear non-slip boots prior to using its facility." Id. at 7–8. Further, "as part of its normal business practices, Argos performs a workplace exam of the plant during each shift" and such report showed no issue with the staircase prior to the fall. Id. at 8. The court does not find that these actions conclusively establish that Argos took ordinary and reasonable efforts to protect invitees against slip and fall accidents similar to Allen's. This issue is a question for the jury.

Allen has put forth evidence that the staircase on which he slipped did not comply with industry building code standards. Specifically, Allen cites a report where its expert, Brian Durig, opined that the treads on the staircase steps "measured to be well below the required depth." ECF No. 21 at 4 (citing ECF No. 21-2 at 7). Durig measured the staircase treads to be nine inches in depth—"2 inches below the minimum 11 inches required by the building code and fire code." ECF No. 21-2 at 7. Argos did not file a reply to challenge Durig's report or otherwise argue that there is no genuine dispute of fact as to the safety of the tread of the stairs. Viewing Allen's expert report in the light most favorable to Allen and drawing all reasonable inferences in his favor, as it must, the court finds that a genuine issue of material fact exists as to whether the depth of the stair treads constituted a dangerous condition.

Additionally, Argos admits that it "installed the stairs" and therefore seems to concede that it created the allegedly dangerous condition of the stairs. ECF No. 20-1 at 7; id. at 2 (noting that Argos "took care to install stairs designed to be safe in that environment"). To the extent there is any dispute on the issue, the court finds that, at the very least, a genuine issue of material fact exists as to whether Argos created the allegedly dangerous condition or had actual or constructive knowledge of the same.

According to Durig's report, Argos hired Joe Ervin Engineering to design the staircase and Love Mechanical to fabricate and install the staircase at Argos's facility. ECF No. 21 at 4. Based on this information, a reasonable jury could find that Argos created the dangerous condition, if any, of the staircase. Even if Argos did not create the condition at issue, there is at minimum a question of fact as to whether Argos had actual or constructive knowledge of the condition of the stairs from hiring third parties to design and install the staircase. Durig's report further provides that the staircase was constructed and installed in 2017. Therefore, a reasonable jury could also find that the alleged condition of the staircase existed long enough for Argos to be charged with constructive knowledge of that condition. See Anderson v. Winn-Dixie Greenville, Inc., 184 S.E.2d 77 (S.C. 1971) ("The defendant will be charged with constructive notice whenever it appears that the condition has existed for such length of time prior to the injury that, under existing circumstances, he should have discovered and remedied it in the exercise of due care . . . ."). Accordingly, Argos has not shown that it is entitled to judgment as a matter of law on the breach of duty element of its negligence claim.[1]

**B. Proximate Cause**

Alternatively, Argos argues that even if it created or failed to inspect and remedy the allegedly dangerous condition of the stair treads, the stair treads were not the actual

---

[1] According to Argos, Allen initially brought this action on the theory that he slipped on rainwater on the stairs and that Argos was negligent in failing to inspect and remedy such wetness on its stairs. Argos argues that any rainwater on the stairs was an open and obvious condition for which it cannot liable. Allen does not address this argument and instead focuses his opposition to Argos's motion on his theory that he fell because of the alleged defect in the stair tread depth. Because there is a genuine dispute of material fact regarding the dangerousness of the stair treads that precludes summary judgment, the court need not determine at this time whether any wetness on the stairs was open and obvious.

and proximate cause of Allen's injuries.  Specifically, Argos contends that "when descending the stairs, [Allen] had not yet physically reached the location on which Mr. Durig bases his opinion as to the fall."  ECF No. 20-1 at 9.  Argos bases this contention on Allen's deposition testimony that he slipped at the end of the platform at the top of the first set of stairs—not on a step that he claims should have been eleven inches in depth according to industry standards.  Because Allen testified that he did not fall on the steps at issue, Argos contends that the tread depth of those steps cannot be the proximate cause of Allen's injuries.  The court disagrees.

There is a genuine dispute of material fact as to where Allen slipped and fell on the stairs.  Allen's deposition testimony is not the only evidence on the issue.  As Allen points out, Argos took his deposition almost three years after his fall.  On the other hand, an incident report created shortly after Allen's fall states, "The driver advised that he slipped on the 3rd step from the bottom while going down."  ECF No. 21-4; see ECF No. 21-6.  The Dorchester County Emergency Medical Service Record similarly reflects that Allen stated shortly after his fall that he "was coming down the stairs & when I got to the third one, I slipped & my knee got twisted as I fell."  ECF No. 21-7.  As such, there is conflicting evidence on the location where Allen slipped on the stairs, and it is the province of the jury, not this court, to weigh that evidence and determine the truth on the issue.  See Anderson, 477 U.S. at 247–48.  Therefore, summary judgment is inappropriate on the causation element of Allen's negligence claim.

Because a genuine issue of material facts exists with respect to two elements of Allen's negligence claim, Argos is not entitled to summary judgment on that claim.

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** the motion for summary judgment.

**AND IT IS SO ORDERED.**

					_____
					DAVID C. NORTON
					UNITED STATES DISTRICT JUDGE

**November 3, 2021**
**Charleston, South Carolina**